United States District Court
District of Massachusetts

| | |
|---|---|
| Dillon A. Letellier,<br><br>    Petitioner,<br><br>    v.<br><br>Warden Bowers, F.J.,<br><br>    Respondent. | Civil Action No.<br>25-10682-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

Before the Court is the motion of respondent Warren Bowers ("respondent" or "Warden Bowers") (Docket No. 10) to dismiss the petition for writ of habeas corpus filed by Dillan A. Letellier under 28 U.S.C. §2241. For the following reasons, respondent's motion will be allowed and the petition will be dismissed.

I. **Background**

   A. Facts

In May, 2017, petitioner was convicted of coercion and enticement, and attempted coercion and enticement, of a minor in violation of 18 U.S.C. § 2422(B), travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2434(B), and possession of child pornography in violation of 18 U.S.C. § 2252(A)(A)(5)(B). He was sentenced to a term of 168 months

imprisonment to be followed by 60 months of supervised release. His Good Conduct Time release date is December 2, 2025.

In December, 2024, petitioner's Unit Team recommended that he be granted between 151 and 180 days of pre-release placement. He was placed in the Residential Reentry Center in Portland, Maine, for 43 days. Due to the unavailability of bed space, the Unit Team modified its recommendation and requested that petitioner be placed in the Federal Location Monitoring (FLM) program. The Residential Reentry Management (RRM) office denied the request on the grounds that petitioner was ineligible for FLM based on his sex-crime conviction. Apparently, petitioner was then transferred to FMC Devens.

### B. Procedural History

In February, 2025, Petitioner appealed the RRM decision to the Warden of FMC Devens claiming that he was entitled to home confinement based on his Unit Team's recommendation. His appeal was denied in March, 2025 and shortly thereafter, petitioner appealed the Warden's decision to the Regional Director. While that appeal was pending Letellier filed this §2241 petition.

The Regional Director denied petitioner's appeal in April, 2025. Petitioner appealed that decision to the Office of General Counsel in May, 2025, where it remains pending. Respondent filed the present motion to dismiss in May, 2025.

## II. Motion to Dismiss

### A. Legal Standard

Section 2241 permits a petitioner to challenge the adminstration of his sentence rather than its validity. Dinkins v. Boncher, No. 21-CV-11847-AK, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022). A court reviews a motion to dismiss a §2241 petition just as it would a motion to dismiss a civil complaint under Fed.R.Civ.P. 12(b)(6). Walsh v. Boncher, 652 F. Supp. 3d 161, 164 (D. Mass. Jan. 23, 2023). To survive a motion to dismiss, the petitioner must state a claim for relief that is actionable as a matter of law and plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the petitioner is entitled to relief. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

### B. Application

Letellier claims that Warden Bowers abused his discretion by refusing to place him in home confinement. He also alleges that such denial was a violation of his rights under the Equal Protection Clause of the United States Constitution.

### i. Abuse of Discretion

Petitioner claims that respondent's failure to transfer him into home confinement per the recommendation of his Unit Team amounted to an abuse of discretion. Warden Bowers correctly responds that decisions with respect to an inmate's place of imprisonment are not reviewable by any court. 18 U.S.C. §3621(b). This Court, therefore, is without jurisdiction to review the Warden's decision to deny Letellier home confinement. See Reyes v. RADM Spaulding Fed. Med. Ctr. Devens, MA, No. 20-cv-10793-JGD, 2020 WL 4219788, at *3 (D. Mass. July 23, 2020) (finding no jurisdiction to place an inmate in home confinement); Peters v. Boncher, No. 22-cv-11503-JGD, 2023 WL 387612, at *3 (D. Mass. Jan. 25, 2023) (finding that §2241 does not allow for the transfer of an inmate to home confinement).

### ii. Equal Protection

Petitioner claims that respondent's denial of home confinement based on his sex-crime conviction amounts to a violation of his rights under the Equal Protection Clause. In order to prove such a violation, the petitioner must show that he was treated differently than those similarly situated based on impermissible considerations such as race, religion or a bad faith intent to injure. Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013).

Petitioner has not alleged membership in any suspect class typically afforded heightened protection under the Equal Protection Clause. Rather, he has claimed only that his status as a sex offender constitutes an impermissible consideration. This is incorrect. Conversely, respondent is required by statute to consider petitioner's crime in determining a suitable place of imprisonment. §3621(b)(2). Petitioner does not claim that respondent acted in bad faith in denying his request. He therefore has not plausibly alleged a violation of the Equal Protection Clause.

## ORDER

For the forgoing reasons respondent's motion to dismiss (Docket No. 10) is **ALLOWED** and the petition for writ of habeas corpus (Docket No. 1) is **DISMISSED**.

**So ordered.**

*/s/ Nathaniel M. Gorton*
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 29, 2025